IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03277-M

QUANTERIOUS HOMMIE WHATLEY,   )
                              )
            Plaintiff,        )
                              )
    v.                        )     ORDER
                              )
CATHY JUDGE, *et al.*,        )
                              )
            Defendants.       )

On August 9, 2023, Quanterious Hommie Whatley ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed in the U.S. District Court for the Western District of North Carolina a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 8]. On September 27, 2023, the action was transferred to this court. Order [D.E. 10]. On October 25, 2023, plaintiff filed motions for entry of default, Mot. [D.E. 13], and to amend the complaint, Mot. [D.E. 14].

The court DENIES as premature the motion seeking entry of default [D.E. 13], and summarily GRANTS the motion to amend [D.E. 14], see Fed. R. Civ. P. 15(a)(1).

Pursuant to 28 U.S.C. § 1915A, the court now conducts its initial review of the complaint, as amended, and allows the action to proceed.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are

"based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Discussion:

Plaintiff's initial complaint names as defendants in their official capacity Harnett C.I. Warden Cathy Judge and Captain Jimmy Dorman (collectively, "defendants"), and generally alleges violations of his Eighth Amendment rights from June 3, 2023, to August 7, 2023, when he

2

was placed in restricted housing where the temperature was 118 degrees and there was "no water supply." Compl. [D.E. 1] at 3–5. Plaintiff also alleges that the water was "cut off on purpose" and that, when he inquired why, he was told "it's not needed." Id. at 8. Plaintiff contends that he wrote both defendants regarding these issues but received no response. Id. at 5. As to his injuries, plaintiff asserts that he had "heat flashes [sic]" and trouble breathing, and that he passed out on July 21, 2023, and hit his head on the bars, "busting the top of [his] right eye," but he only received a bandage. Id. Plaintiff seeks monetary damages. Id.

In his motion to amend, plaintiff expresses an intent to proceed against defendants in both their individual and official capacities. See Mot. [D.E. 14].

Plaintiff's claims are not clearly frivolous. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Hutto v. Finney, 437 U.S. 678, 685–86 (1978); Estelle v. Gamble, 429 U.S. 97, 102 (1976); Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993).

## Conclusion:

Accordingly, the court: GRANTS the motion to amend [D.E. 14]; DENIES the motion seeking entry of default [D.E. 13]; ALLOWS the action to proceed against defendants; DIRECTS the clerk to continue management of the action under Standing Order 14-SO-02; and, if service under the standing order fails, the court further DIRECTS the United States Marshals Service to make service under 28 U.S.C. § 1915(d).

SO ORDERED this 3d day of April, 2024.

RICHARD E. MYERS II
Chief United States District Judge